# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>AUTOMATED ELECTRONIC CHECKING, INC.,<br>a Nevada corporation;<br><br>JOHN P. LAWLESS, individually, and as an officer of Automated Electronic Checking, Inc; and<br><br>KENNETH MARK TURVILLE, individually, and as an officer of Automated Electronic Checking, Inc.,<br><br>*Defendants*. | 3:13-cv-00056-RCJ-WGC<br><br>**STIPULATED PERMANENT INJUNCTION AND FINAL ORDER** |

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), has filed a Complaint against Defendants Automated Electronic Checking, Inc. ("AEC"), John P. Lawless ("Lawless"), and Kenneth Mark Turville ("Turville") (collectively, "Defendants"), for a permanent injunction and other equitable relief in this action, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  Plaintiff and Defendants, by and through their counsel, hereby stipulate to the entry of, and request the Court to enter, this Stipulated Permanent Injunction and Final Order ("Order"), to resolve all matters of dispute between them in this action.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1.      This Court has jurisdiction over the subject matter and all of the parties in this

case.

2.      Venue is proper as to all parties in this District under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

3.      The activities of Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The facts that Plaintiff has stated in its Complaint, if true, would state a claim upon which relief may be granted pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45(a).

5.      Defendants have entered into this Order freely and without coercion, and without admitting or denying the allegations set forth in the Commission's Complaint and for settlement purposes only, Defendants acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6.      Plaintiff and Defendants, by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order.

7.      Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Defendants further waive and release any claim they may have against Plaintiff, its employees, representatives, or agents.

8.      Defendants agree that this Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

9.      Entry of this Order is in the public interest.

# ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      "Corporate Defendant" means Automated Electronic Checking, Inc., and its successors and assigns.

2.      "Defendants" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

3.      "Individual Defendant" and "Individual Defendants" mean, individually or collectively, John P. Lawless and Kenneth Mark Turville.

4.       "Order" means this Stipulated Permanent Injunction and Final Order.

5.      "Payment Processing," for purposes of this Order only, means directly or indirectly providing a merchant, entity, or person with the means to access any consumer's bank, credit card, prepaid/stored value card, or other non-telephone financial account using methods including but not limited to Remotely Created Payment Orders, Remotely Created Checks, Automated Clearing House (ACH) Debits, credit card transactions, debit card transactions, and prepaid/stored value card transactions.  Whether accomplished through the use of software or otherwise, Payment Processing may include, among other things, the performance of any function of collecting, preparing, formatting, charging, or transmitting consumer bank account, credit card data, debit card data, or prepaid or stored value card data, for use in connection with the debiting, charging, or accessing of a consumer's bank account, credit card account, or prepaid or stored value card account; monitoring, tracking, and reconciling payments, returns, and charge-backs; providing pre-authorization, post-authorization, and refund services to merchants; and disbursing funds receipts to merchants.

6.      "Remotely Created Check" or "RCC" means a check that is not created by the paying bank and that does not bear a signature applied, or purported to be applied, by the person on whose financial account the check is drawn.  A Remotely Created Check is often also referred to as a "demand draft," "bank draft," "bank check," or "preauthorized draft."  For purposes of this definition, a Remotely Created Check originates as a paper-based transaction, but can be processed subsequently through electronic means (such as through check imaging or scanning) or through non-electronic means.

7.      "Remotely Created Payment Order" or "RCPO" means a payment instruction or order drawn on a person's financial account that is initiated or created by the payee and that does not bear a signature applied, or purported to be applied, by the person on whose financial account the order is drawn, and which is deposited into or cleared through the check clearing system.  For purposes of this definition, unlike a Remotely Created Check, a Remotely Created Payment Order does not originate as a paper-based transaction.  A Remotely Created Payment Order is created when a seller, merchant, payment processor, or other entity enters financial account and routing numbers into an electronic check template that is converted into an electronic file for deposit into the check clearing system.

8.      "Telephone-Billed Transaction" means any purchase or purported purchase of a good or service that is charged to a consumer's telephone bill, including any voice mail or audiotext service, but excluding (1) purchases solely of common carrier transmission services; and (2) purchases of services accessed by dialing a 900 number or other number that can be blocked by the Line Subscriber pursuant to 47 U.S.C. § 228(c).

9.      The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings.

- 4 -

## I.

## PROHIBITED CONDUCT

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any person, corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from Payment Processing, and from licensing, renting, or providing software to any third party for use in providing Payment Processing services.

Provided, however, that this section shall not prohibit Defendant John P. Lawless from employment with any business entity or person that provides Payment Processing as a function of its business operations, so long as Defendant Lawless's participation in such employment is unrelated to the provision, sale, or arrangement of Payment Processing.

**IT IS ALSO ORDERED** that Defendants are hereby permanently enjoined from violating, directly or through any corporation, subsidiary or other entity, any provision of the Federal Trade Commission's 900-Number Rule, 16 C.F.R. Part 308, attached hereto.

## II.

## INJUNCTION AGAINST PROVIDING SUBSTANTIAL ASSISTANCE

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division, or other device, are permanently restrained and enjoined from providing substantial assistance or support to any merchant, when Defendants know, or consciously avoid knowing, that the merchant is engaged in deceptive or unfair practices prohibited by Section 5 of the FTC Act or in any violation of the FTC's 900-Number Rule.

## III.

### PROHIBITION ON REFERRAL SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any person, corporation, subsidiary, division, or other device, are permanently restrained and enjoined from referring, directly or indirectly, to any third party in exchange for any payment or fee, any client and its principals for whom Defendants have provided Payment Processing services.

## IV.

### PROHIBITION ON USE OF
### CONSUMER ACCOUNT INFORMATION

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from selling, renting, brokering, purchasing, leasing, transferring, or otherwise disclosing consumers' bank account or credit card account numbers, that Defendants have received in connection with Payment Processing services, to any third party; provided, however, that Defendants may utilize or disclose or transmit such consumer account information to others:

1.      as requested by the FTC pursuant to Section VI (Cooperation Provisions) of this
        Order; or

2.      as required by law, regulation, or court order.

## V.

### PROHIBITION ON DECEPTIVE PRACTICES RELATING TO TELEPHONE-BILLED
### TRANSACTIONS AND ON  PROVIDING TELEPHONE BILLING SERVICES
### FOR UNAUTHORIZED TRANSACTIONS

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any

corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from:

1.      Directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge related to a Telephone-Billed Transaction that has not been expressly authorized; and

2.      Billing a consumer or directly or indirectly causing a consumer to be billed, or collecting or attempting to collect payment, directly or indirectly, from a consumer, for a Telephone-Billed Transaction, unless the charge for such Telephone-Billed Transaction was expressly authorized by the consumer.

**VI.**

**<u>COOPERATION PROVISIONS</u>**

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and other law enforcement agencies, appear or cause its representatives to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  Within 5 days of the entry of this Order, Defendants shall provide the FTC complete data regarding all consumer financial transactions processed, directly or indirectly, by Electronic Financial Processing, Inc. (including the consumer name, address, account number, date and amount of attempted debit transaction, date and amount of returned transaction, if applicable, Total Return Rate, and return reasons), without the service of a subpoena.  In addition, if requested in writing by the FTC, Defendants shall appear, or cause its representatives to appear,

and provide truthful testimony in any trial, deposition, or other proceeding related to or

associated with the transactions or the occurrences that are the subject of the Complaint, without

the service of a subpoena.

## VII.

## EQUITABLE MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.   Judgment is hereby entered in favor of the Commission and against the

Defendants, jointly and severally, in the amount of $950,000, for equitable

monetary relief.

B.   Such payment shall be made within 14 business days of entry of this Order or by

February 8, 2013, whichever is later, by electronic fund transfer in accordance

with the wiring instructions provided by a representative of the Commission.

C.   Defendants shall release and relinquish to the Commission all rights, title, and

interests to any and all unpaid funds derived from the provision or arrangement of

Payment Processing services for RCPOs or RCCs, including but not limited to

distributions, dividends, commissions, reserve funds, or income received after the

date of this Order.  Upon receipt of any such funds, Defendants shall immediately

transfer such funds to the Commission in accordance with the wiring instructions

provided by a representative of the Commission, without any reduction or offset

of the full amount received by Defendants.

D.   All funds paid to the Commission pursuant to this Order shall be deposited into a

fund administered by the Commission or its agent to be used for equitable relief,

including but not limited to consumer redress and any attendant expenses for the

administration of any equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or that funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Order. The Defendants shall have no right to contest the manner of distribution chosen by the Commission.

E.    No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

F.    Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

G.    Subject to the Stipulation at ¶ 5, page 2, Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such

purposes.

H.    Defendants agree that they will not, directly or indirectly, take any deduction, capital loss, or other tax benefit on any federal, state, or local tax return for the payment made toward satisfaction of the judgment set forth in Section VII. Within ten (10) days of receipt of a written request from a representative of the Commission, Defendants must take all necessary steps, such as filing completed IRS Forms 4506 or 8821, to cause the Internal Revenue Service (IRS) or other tax authority to provide any requested tax information directly to the Commission. The requested information can include amended tax returns and any other filings that Defendants have the authority to release, including those of any businesses that any Defendant, individually or collectively with any other Defendant, is the majority owner of or directly or indirectly controls.

I.    In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission all taxpayer identifying numbers, including Social Security and employer identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with Plaintiff.

**VIII.**

**ORDER ACKNOWLEDGMENTS**

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of

perjury.

B.     For 5 years after entry of this Order, each Individual Defendant for any business

that such Defendant, individually or collectively with any other Defendant, is the

majority owner or directly or indirectly controls, and each Corporate Defendant,

must deliver a copy of this Order to

(1) all principals, officers, directors, and managers; and (2) all employees, agents,

and representatives who participate in conduct related to the subject matter of this

Order.  Delivery must occur within 7 days of entry of this Order for current

personnel.  To all others, delivery must occur before they assume their

responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated

acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the

Commission:

A.     One hundred and eighty (180) days after entry of this Order, each Defendant must

submit a compliance report, sworn under penalty of perjury.

1.     Each Defendant must:  (a) designate at least one telephone number and an

email, physical, and postal address as points of contact, which

representatives of the Commission may use to communicate with

Defendant; (b) identify all of that Defendant's businesses by all of their

- 11 -

names, telephone numbers, and physical, postal, email, and Internet

addresses; (c) describe the activities of each business, including the

products and services offered, the means of advertising, marketing, and

sales, and the involvement of any other Defendant (which Individual

Defendants must describe if they know or should know due to their own

involvement); (d) describe in detail whether and how that Defendant is in

compliance with each Section of this Order; and (e) provide a copy of

each Order Acknowledgment pursuant to this Order, unless previously

submitted to the Commission;

2.     Additionally, each Individual Defendant must:  (a) identify all telephone

numbers and all email, Internet, physical, and postal addresses, including

all residences; (b) identify all titles and roles in all business activities,

including any business for which such Defendant performs services

whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest; and (c) describe in detail such

Defendant's involvement in each such business, including title, role,

responsibilities, participation, authority, control, and any ownership.

B.     For 20 years following entry of this Order, each Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change

in the following:

1.     Each Defendant must report any change in:  (a) any designated point of

contact; or (b) the structure of any Corporate Defendant or any entity that

Defendant has any ownership interest in or directly or indirectly controls

that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement

- 13 -

Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
RE:  FTC v. Automated Electronic Checking, Inc., Civil Action No.
3:13-cv-00056

## X.

## <u>RECORDKEEPING</u>

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.  Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each person providing services, whether as an employee, independent contractor, or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.  Client files containing the names, addresses, and telephone numbers of the clients, client application forms and supporting documentation submitted to Defendants; contracts entered into with Defendants; and any other client information obtained in the ordinary course of business;

D.  Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any responses to such complaints or requests;

- 14 -

E.     Copies of all Defendants' Internet websites, advertisements, or other marketing materials, including screenshots of affiliate websites bearing advertisements or other marketing materials for Defendants' products or services; and

F.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to

Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this 11th day of March, 2013.

_____
United States District Judge

SO STIPULATED AND AGREED:

FOR DEFENDANT AUTOMATED ELECTRONIC CHECKING, INC.

_____          Dated: _12-6-2012_
Matthew Oster

Counsel for Automated Electronic Checking, Inc., &
Counsel for John P. Lawless, and Counsel for Kenneth Mark Turville

FOR DEFENDANT JOHN P. LAWLESS and AUTOMATED ELECTRONIC CHECKING, INC.

_____          Dated: _11/28/2012_
John P. Lawless, Defendant
Individually and as an officer of
Automated Electronic Checking, Inc.

- 16 -

FOR DEFENDANT KENNETH MARK TURVILLE and AUTOMATED ELECTRONIC
CHECKING, INC.

_____     Dated: __11 - 27 - 2012__
Kenneth Mark Turville, Defendant
Individually and as an officer of
Automated Electronic Checking, Inc.


FOR PLAINTIFF THE FEDERAL TRADE COMMISSION:


_____     Dated: __2 - 5 - 2013__
Janet Ammerman
Michelle A. Chua
Paul B. Spelman
Attorneys

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, Rm. 286
Washington, D.C. 20580
Phone: (202) 326-3145 (Ammerman); 3248 (Chua); 2487 (Spelman)
Fax: (202) 326-3395
Email: jammerman1@ftc.gov; mchua@ftc.gov; pspelman@ftc.gov